UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON WILLIAM LAWSON,

    Plaintiff,

    v.

WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

Case No. 25-cv-07089-WHO

**ORDER GRANTING REMAND**

Re: Dkt. No. 10

Plaintiff Brandon William Lawson ("Lawson"), proceeding pro se, moves to remand this action back to Contra Costa County Superior Court. Lawson argues that by deleting his sole cause of action that allowed for federal question jurisdiction, the case must be remanded back to state court. I agree. The Motion to Remand is GRANTED.[1]

**BACKGROUND**

Lawson, a former substitute teacher in West Contra Costa Unified School District ("WCCUSD"), filed suit against WCCUSD and two individual district employees (together, "defendants") in state court after he was fired from his position on June 12, 2025. Notice of Removal Exh. A [Dkt. No. 1-1] at 6–13. In the complaint, Lawson alleged five causes of action: four causes of action arising under California state law violations and one cause of action for a violation of his First Amendment right to protected speech.

---

[1] I find that this matter is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

WCCUSD removed the case on August 21, 2025, basing its removal on federal question jurisdiction arising from the First Amendment Cause of Action. Notice of Removal at 1–2. The individual defendants joined in removing the case. *Id.* at 1–2. Four days later, Lawson filed a Motion to Remand, explaining that he wished to delete the First Amendment cause of action from his complaint. Motion to Remand ("Mot.") [Dkt. No. 10]. As an exhibit to his motion, Lawson included an amended complaint that deleted that cause of action and any reference to it therein. Mot. Exh. A [Dkt. No. 10-2].

On September 2, 2025, defendants filed an opposition to Lawson's motion, explaining that Lawson had not properly "filed or served" the amended complaint and so it was not the operative complaint—making remand based on the exhibit alone inappropriate. Opposition to the Mot. ("Oppo.") [Dkt. No. 16] at 3. In their Opposition, defendants state: "Had Plaintiff properly filed and served the amended complaint, Defendants *would not oppose remand*." *Id.* (emphasis added). That same day, Lawson filed the amended complaint on the docket. First Amended Complaint ("FAC") [Dkt. No. 17]. Lawson also filed a Reply in support of his motion on September 2, 2025, highlighting defendants' aforementioned language in opposition. Reply ISO Mot. ("Reply") [Dkt. Nos. 19 and 20].

Because it appeared that there was no further dispute on whether defendants opposed remand, I ordered defendants to clarify their position. Dkt. No. 27. Defendants filed a statement in response on October 3, 2025, explaining that they continued to oppose remand since they were put on notice of a federal question in light of Lawson's "claims for relief," even in his amended complaint erasing the sole federal cause of action. Defendants' Statement [Dkt. No. 28] at 2 (emphasis removed). Defendants argue that although Lawson's amended complaint no longer specifically alleges a First Amendment claim by name, that does not impact whether the FAC itself "articulates a federal question subject to removal jurisdiction." *Id.* at 2–3.

2

**LEGAL STANDARD**

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

**DISCUSSION**

Defendants rely on *Alvarez v. Hill*. 518 F.3d 1152 (9th Cir. 2008) to oppose remand. In *Alvarez*, Blackie Alvarez sued prison officials alleging that his religious exercise had been burdened because the officials denied him the right to participate in different religious ceremonies. *Id.* at 1155. Although he did not specifically state in his complaint a cause of action under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), Alvarez contested the district court's grant of summary judgment for the prison officials because, in his view, the court failed to analyze his claims under RLUIPA in making its decision. *Id.* at 1154. The Ninth Circuit agreed with Alvarez, holding that a "complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss" given the "longstanding principle that federal complaints plead claims, not causes of action or statutes or legal theories." *Id.* at 1154, 1157. I read *Alvarez* to stand for the proposition that a case, when filed in federal court, must be read broadly to encompass all implicated federal causes of action. This is especially so when the litigant filing in federal court is proceeding pro se.

3

That is not what is at issue here. Instead, the precedent of *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), is on all fours with this one. There, plaintiff Anastasia Wullschleger filed suit against dog food manufacturer Royal Canin U.S.A. in Missouri state court. *Id.* at 28. Her complaint alleged claims concerning the Missouri Merchandising Practices Act, Missouri antitrust law, and the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* Royal Canin U.S.A. properly removed the case to federal court because of the alleged FDCA violations. *Id.* at 29. Ms. Wullschleger did not want the case to be in federal court, so she amended her complaint to "delete its every mention of the FDCA, leaving her state claims to stand on their own. And with that amended, all-state-law complaint in hand, she petitioned the District Court to remand the case to state court." *Id.*

The Court explained that the issue of whether a federal court retained jurisdiction over a case that had been removed to federal court and the complaint was thereafter amended to remove federal question causes of action that had made removal possible, had yet to be decided in the context of 28 U.S.C § 1367. *Id.* at 31–39. The Court held that the "deletion of all federal claims deprive[s] the District Court of federal-question jurisdiction. And once that [is] gone, the court's supplemental jurisdiction over the state claims dissolve[s] too." *Id.* at 44. The suit, therefore is "one for a state court." *Id.*

That is precisely the posture of the case before me now. I lack jurisdiction now that the First Amendment cause of action has been removed from the complaint.

I finally note that it makes no sense for defendants to have said that they would *not* oppose remand should Lawson appropriately file and serve his amended complaint and then change course once Lawson did exactly what they asked. Section 1367 reads in part: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In addition to the Supreme Court's clear direction in *Royal Canin U.S.A.*, I further

4

conclude that WCCUSD's representation that it would not oppose remand in the current circumstance is a "compelling reason[]" to decline jurisdiction.

## CONCLUSION

For the reasons explained above, Lawson's Motion to Remand is GRANTED. This action is REMANDED to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: October 10, 2025

William H. Orrick
United States District Judge